IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

BERNARD EUGENE COLEMAN,

           Plaintiff,

v.                                         Case 2:14-cv-02141-SHL-cgc

MORTGAGE ELECTRONIC REGISTRATION
SYSTEM, INC.; LIME FINANCIAL SERVICES,
LTD.; ASSURED ESCROW AND TITLE;
SAXON MORTGAGE; OCWEN LOAN
SERVICING, LLC; and, DEUTCHE BANK
NATIONAL TRUST,

           Defendants.

**REPORT AND RECOMMENDATION ON DEFENDANTS MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC., OCWEN LOAN SERVICING, LLC, AND DEUTSCHE BANK NATIONAL TRUST'S MOTION TO DISMISS AND ON DEFENDANT SAXON MORTGAGE'S MOTION TO DISMISS**

Before the Court is Defendants Mortgage Electronic Registration System, Inc. ("MERS"), Ocwen Loan Servicing, LLC ("Ocwen"), and Deutsche Bank National Trust's ("Deutsche Bank") Motion to Dismiss (Docket Entry ("D.E.") #14) and Saxon Mortgage's ("Saxon") Motion to Dismiss (D.E. #16).[1] For the reasons set forth herein, it is recommended that the instant motions be GRANTED.

---

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation.

**I. Background**

On February 28, 2014, Plaintiff Bernard Eugene Coleman filed a *pro se* "Civil Complaint to Quiet Title" ("2014 Complaint") against the above-styled Defendants. (D.E. #1). Plaintiff alleges that he is the "true title holder and owner of the property" and "claims a fee simple interest in the property" located at 4017 Clubview Drive, Memphis, Tennessee, 38125 ("Property") "pursuant to his recorded deed and a separate financing statement among the Land Records with the Register of Deeds Office of Shelby County, Tennessee." (Compl. at 1-2). Plaintiff alleges that "Defendants claim to have a valid mortgage" but that it is "not recorded with the Register of Deeds Office [of] Shelby County, Tennessee." (*Id.* at 2). Plaintiff states that the Defendants' "alleged lien against [the] property . . . is invalid and a nullity" and should be "concealed and the Plaintiff[']s title restored." (*Id.*) Plaintiff claims that "Defendants have not and cannot produce the original Promissory Note, without which the Defendants cannot verify the existence of a loan upon which it asserts its property interest." (*Id.*). Ultimately, Plaintiff contends that "Defendants have foreclosed on the property and re-sold the property even though the Defendants were not the true owners of the property." (*Id.* at 1).

The 2014 Complaint is not the first federal action Plaintiff has filed against, *inter alia*[2], the above-styled Defendants[3] regarding the foreclosure of the Property. On April 13, 2011, Plaintiff

---

[2] The 2011 Complaint also named additional defendants not named in the 2014 Complaint, including Shapiro & Kirsch, LLP and Joe M. Kirsch. (2011 Compl. at 1-3).

[3] Defendant MERS was not listed in the style of Plaintiff's 2011 Complaint; however, he alleged claims against MERS in the body of the 2011 Complaint, the Court ordered that service of process be issued upon MERS on May 30, 2012, summons was returned executed as to MERS on June 27, 2012 and July 17, 2012. MERS was also listed as a Defendant in the 2012 Order of Dismissal and 2012 Judgment.

filed a "Complaint to Set Aside Foreclosure for Damages and Demand for Trial" in *Bernard Coleman v. Lime Financial Services, LTD, et al.*, No. 2:11-cv-02282-JTF-tmp (W.D.Tenn.) ("2011 Complaint"). The 2011 Complaint alleges seventeen counts of violations of the law regarding the foreclosure the Property, including that Plaintiff never received the required notices before the foreclosure was conducted, that Plaintiff was provided credit "without regard to [his] repayment ability as of the time of the loan consummation," that Defendants did not disclose certain financial information regarding his mortgage, and that Defendant Lime Financial "materially altered a contract without the consent" of Plaintiff. (2011 Compl. at 1-12). Plaintiff's 2011 Complaint ultimately requested that the foreclosure be set aside and that the Court enjoin both entrances to the Property by Defendants and any attempts to take possession of the property, including eviction proceedings, pending the resolution of the 2011 Complaint. (*Id*. at 18).

The Defendants in the 2011 action filed dispositive motions to which Plaintiff failed to respond. The Court issued an Order to Show Cause on October 16, 2012 directing Plaintiff to demonstrate why the motions should not be granted and his case dismissed with prejudice. Plaintiff failed to respond to the Order to Show Cause. On November 15, 2012, the Court issued an Order of Dismissal with Prejudice, an Order Certifying Appeal Not Taken in Good Faith, and an Order Denying Leave to Proceed In Forma Pauperis on Appeal ("2012 Order of Dismissal"). The Court dismissed Plaintiff's 2011 Complaint in the 2012 Order of Dismissal with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (*Id*. at 3). On the same day, the Court entered a final Judgment in a Civil Case dismissing the case with prejudice in accordance with the 2012 Order of Dismissal and Rule 41(b).

## II. Analysis

The instant Motions to Dismiss argue that Plaintiff's 2014 Complaint should be dismissed against MERS, Ocwen, Deutsche Bank, and Saxon pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure as barred by the doctrine of *res judicata* and, in the alternative, for failure to state a claim upon which relief may be granted. Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a claim may be dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In addressing a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in the light most favorable to plaintiff and accept all well-pled factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). This standard requires more than bare assertions of legal conclusions. *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . .claim is and the grounds upon which it rests." *Id.* (citing *Twombly*, 550 U.S. at 555).

Nonetheless, a complaint must contain sufficient facts "state a claim to relief that is plausible on its face'" to survive a motion to dismiss. *Twombly*, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 US. 662, 678 (2009) (citing *Twombly*, 550 U.S. at

4

556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." *Id.* at 678-79.

Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in pro se cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 678) (internal quotations and emphasis omitted). District Courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). District Courts are also not "required to create" a pro se litigant's claim for him. *Payne v. Secretary of Treasury*, 73 Fed. Appx. 836, 837 (6th Cir. 2003).

The doctrine of *res judicata* holds that "a final judgment on the merits of an action precludes the parties . . . from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980); *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995). *Res judicata* bars relitigation of issues if four elements are met: "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or should have been litigated in the prior

5

action; and, (4) an identity of the causes of action." *Kane*, 71 F.3d at 560 (quoting *Sanders Confectionary Prods., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 480 (6th Cir. 1992)).

Upon review, the Court recommends that the 2012 Order of Dismissal and 2012 Judgment operate as a final decision on the merits by a court of competent jurisdiction because it was entered with prejudice. For purposes of *res judicata*, the Court recommends that this action is "between the same parties," because, although the 2011 action was also brought against additional defendants, all Defendants in this action were named therein. Thus, the only remaining questions are whether the 2014 Complaint contains an issue that was litigated or should have been litigated in the prior action or whether Plaintiff identifies a new cause of action. As the 2011 Complaint contains seventeen claims under numerous legal theories, it is not entirely clear to the Court whether his claims have already been litigated in the prior action; however, that does not prevent a recommendation on the resolution of this issue as, at the very least, Plaintiff should have litigated the claims regarding the lawfulness of the foreclosure of his Property in the 2014 Complaint in the prior action for wrongful foreclosure of the Property. Accordingly, it is recommended that Plaintiff's Complaint against MERS, Ocwen, Deutsche Bank, and Saxon be dismissed with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and the doctrine of *res judicata.*

## III. Conclusion

For the reasons set forth herein, it is recommended that MERS, Ocwen, and Deutsche Bank's Motion to Dismiss be GRANTED and that Saxon's Motion to Dismiss be GRANTED.

**DATED** this 16th day of October, 2014.

        s/ Charmiane G. Claxton
        CHARMIANE G. CLAXTON
        UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**